Per Curiam.

Final judgment reversed, with $30 costs, and final judgment directed in favor of landlord as prayed for in the petition, with costs, five-day stay; and counterclaim dismissed. In this summary proceeding for nonpayment of rent for January, 1972, in the sum of $100, respondent tenant interposed a counterclaim for $209.05 alleging breach of warranty of fitness and quiet enjoyment. At trial the petitioner’s prima facie case was conceded and the issue of jurisdiction withdrawn. Essentially respondent’s testimony is that she gave a duplicate set of keys to the landlord’s agent so that repairs could be effected at the subject apartment, that the keys were never returned, and that subsequently she discovered that a TV set was missing from the premises. Respondent was awarded the full purchase price for the TV, purchased by her some four years prior to these circumstances.
“As a general rule, an eviction, actual or constructive, is necessary to constitute a breach of a covenant for quiet enjoyment. * * * In other words, there must be an ouster, or a justified abandonment ” (Rasch, Landlord & Tenant [2d ed.], § 893). The record herein is devoid of a showing of actual or constructive eviction. The counterclaim also cannot be sustained on the theory of negligence. Even assuming negligence on petitioner’s part, there is no evidence indicating that it was the proximate cause of the loss. V The rule is well-settled that where there are several possible causes of injury, for one or more of which defendant is not responsible, plaintiff cannot recover without proving that the injury was sustained wholly or in part by a cause for which defendant was responsible. If the matter is left in doubt, and it is just as probable that the accident was the result of one cause as the other, there is no *1091 liability. In these circumstances a verdict holding defendant answerable to plaintiff would be based upon mere speculation ’ ’ (1 Warren’s Negligence, ch. 5, §§ 5.01, 5.10, pp. 130-131).
For the same reasons, there is no showing of conversion on petitioner’s part with respect to respondent’s TV set. “ Speculation and surmise are not a substitute for proof ”. (De Mayo v. Yates Realty Corp., 35 A D 2d 700 [1st Dept., 1970].)
Concur — Quinn, J. P., Lupiano and Markowitz, JJ.
Final judgment reversed, etc.